# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  8:10-CR-128-T-27AEP
USM NUMBER:  51644-018

vs.

JESSE JAMES

Defendant's Attorney:  Robert Tetreault

THE DEFENDANT:

X  pleaded guilty to count(s) One and Seven of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Transport Motor Vehicles and Stolen Goods in Excess of $5,000 in Value in Interstate Commerce | July, 2009 | One |
| 21 U.S.C. §§ 846 and 841(b)(1) (C) and (D) | Conspiracy to Possess with Intent to Distribute and to Attempt to Possess with Intent to Distribute a Quantity of Schedule II and III Controlled Substances | July, 2009 | Seven |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
X  Count(s) 3, 4, 15, and 20 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 9, 2010

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

DATE: November 12, 2010

Defendant:     JESSE JAMES                                      Judgment - Page 2 of 8
Case No.:      8:10-CR-128-T-27AEP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY-FOUR (24) MONTHS as to Counts One and Seven; CONCURRENT. The defendant shall be given credit for time served since April 13, 2010.**

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b).

__X__ The Court makes the following recommendations to the Bureau of Prisons: The Court recommends the defendant be confined at Coleman. Based on findings in the presentence report, the Court finds the defendant has abused drugs and recommends that the defendant participate in the 500 Hour Residential Drug Abuse Program (RDAP), if eligible.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

                                                                              United States Marshal

                                                                              By:_____
                                                                                 Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

Defendant: JESSE JAMES  Judgment - Page 3 of 8
Case No.: 8:10-CR-128-T-27AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS as to Counts One and Seven; CONCURRENT.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

\_\_\_ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year. (Check, if applicable).

\_ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

\_ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)

\_ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | JESSE JAMES | Judgment - Page 4 of 8 |
| Case No.: | 8:10-CR-128-T-27AEP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__     The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

__X__     The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

| Defendant: | JESSE JAMES | Judgment - Page 5 of 8 |
|---|---|---|
| Case No.: | 8:10-CR-128-T-27AEP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | $7,327.11 |

___ The determination of restitution is deferred until ___.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Mike Larson, Inc.<br>2553 Merchant Avenue<br>New Port Richey, FL | | $5,920 | |
| Southern Land Services<br>8017 Land O'Lakes Blvd.<br>Land O'Lakes, FL | | $285 | |
| Nature Coast Pharmacy<br>c/o WREC Attn: Carol M. Molnar<br>P.O. Box 278<br>Dade City, FL  33526-0278 | | $1,122.11 | |
| **Totals:** | $ __ | $7,327.11 | |

_ Restitution amount ordered pursuant to plea agreement  $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  _ the interest requirement is waived for the ___ fine ___ restitution.

  _ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: JESSE JAMES  
Case No.: 8:10-CR-128-T-27AEP

Judgment - Page 6 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __200.00__ due immediately, balance due

    __ not later than _____, or

    _X_ in accordance __ C, __ D, __ E or _X_ F below; or

B. __ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job, or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $250.00 per month. The Court reserves jurisdiction to modify the terms of payment on proper motion demonstrating a material change in defendant's ability to comply with these terms.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_   Joint and Several with co-defendants $7,327.11.

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

8:10-cr-00128-JDW-AEP-1 Mickey Lemons

8:10-cr-00128-JDW-AEP-3 Richard Crain

8:10-cr-00128-JDW-AEP-4 Darrell Sedilko

8:10-cr-00128-JDW-AEP-5 Shawn Baker

8:10-cr-00128-JDW-AEP-7 Floyd Miles

_X_   The defendant shall forfeit the defendant's interest in the following property to the United States:  
SEE ATTACHED FORFEITURE MONEY JUDGMENT

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:10-cr-128-T-27AEP

JESSE JAMES

### FORFEITURE MONEY JUDGMENT

Before the Court is the United States' Motion for Entry of Forfeiture Money Judgment in the amount of $160,183.00, pursuant to the provisions of 18 U.S.C. § 982(a)(5), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2). At sentencing this forfeiture money judgment shall be a final judgment as to defendant Jesse James.

Defendant Jesse James has been convicted of conspiracy to transport motor vehicles and stolen goods valued in excess of $5,000.00, contrary to the provisions of 18 U.S.C. §§ 2312 and 2314, in violation of 18 U.S.C. § 371, as alleged in Count One of the Indictment.

The government has established that the gross proceeds of the conspiracy alleged in Count One of the Indictment amount to $267,283.00, however, the defendant shall only be held jointly and severally liable with his co-conspirators for $160,183.00 of that total amount, which constitutes that portion of the total proceeds obtained as a result of the defendant's participation in the conspiracy.

Accordingly, it is hereby **ORDERED**:

1. The United States' motion is **GRANTED**.

2. Pursuant to the provisions of 18 U.S.C. § 982(a)(5), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Jesse James is jointly and severally liable to the United States of America for a forfeiture money judgment in the amount of $160,183.00. Defendant shall be entitled to a set-off to the extent his co-conspirators satisfy the total forfeiture amount ($267,283.00). To obtain any set-off, the defendant's co-conspirators must first forfeit $107,100.00 to the United States, in partial satisfaction of the total forfeiture amount of the conspiracy ($267,283.00).

3. The United States is entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to forfeit any other assets belonging to the defendant up to the amount of the $160,183.00 money judgment.

4. The Court retains jurisdiction to enter any order necessary for the forfeiture and disposition of any assets belonging to the defendant, which the government may seek in satisfaction of the money judgment, and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this ___9___ day of ___November___, 2010.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE